(Superior Court of Cincinnati.)
Special Term, 1900.

LAUER, *Administratrix*, v. THE EQUITABLE LIFE ASSURANCE SOCIETY.

---

(1). A written instrument as evidence of indebtedness, under section 5085, Revised Statutes, comprises any instrument in writing which witnesses a promise, whether conditional or unconditional, on the part of the maker thereof, to pay a certain, fixed, liquidated sum of money; when sued on, a copy of such instrument must be attached to the petition.

(2). An insurance policy is such an instrument, and should be attached. If the application for insurance constitutes a part of the policy, it must also be attached; otherwise not.

(3). The time when the contract was made must be stated, and if material must be laid truly, but, if not material, any time antecedent to the bringing of the suit, within the statute of limitations, will suffice. The place of making the contract need not, as a general rule, be averred; place, however, may become material in a particular case, and the burden of pleading it, whether upon the plaintiff or defendant, will depend upon the circumstances of such case.

(4). In declaring upon a contract the primary rule is that the promise, the obligation, of the defendant, must be fully, truly and accurately set forth; hence, if the promise or obligation be dependent upon conditions precedent, such conditions form an integral part of the promise or obligation of the defendant, and must be fully, truly and accurately pleaded.

(5). At common law it was the rule that a performance of each condition

precedent set forth as a part of the promise must be averred specifically; but these averments of performance related and referred to, and were required of, those conditions alone which plaintiff averred as a part of the defendant's contract.

(6). Section 5091, Revised Statutes, substituted an averment of performance, generally, for the specific averments of the common law, but in nowise broadened the effect of such an averment. It is still limited to, and is to be read in connection with, the conditions presented, pleaded by plaintiff as part of the defendant's contract.

---

DEMPSEY, J.

These are two actions brought to recover the amounts agreed to be paid on two policies of life insurance. In neither case was a copy of the policy sued on attached to the petition. Defendant has interposed a motion to make each petition more definite and certain, and presents five particulars in which it is claimed each petition is wanting. The points raised are exactly alike in each case:

1. The first claim is that a copy of the policy sued on, together with the application therefor, should be annexed to the petition. Section 5085, Revised Statutes, provides that "when the action * * * is founded on an account, or on a written instrument as evidence of indebtedness, a copy thereof must be attached to, and filed with the pleading."

Is a policy of life insurance "an evidence of indebtedness" within the meaning of this section?

It is contended that it is not, for the reason that the statute contemplates that the instrument itself, on inspection, and without the aid of any other evidence, must show an obligation of the maker to pay. At least that is my understanding of plaintiffs' contention. The effect of this rule would be to obviate the necessity of attaching such instruments, when the obligation to pay was dependent upon the performance of precedent conditions.

It is difficult to determine the question by reasoning from the words of the statute itself; and, while the doctrine of profert, relied upon by the plaintiff, has some analogy to this code requirement, yet the parallel is not sufficiently complete to warrant a presumption that the codifiers were altogether guided by the rules of profert at common law. Profert, while extending to some other instruments, was distinctly and peculiarly applicable to deeds, i. e., to deeds technically such, viz., writings, sealed and delivered, and was a requirement demanded not only of the plaintiff, but also from a defend-

[COPYRIGHT, 1901, BY CARL G. JAHN.]

ant when he justified or defended by deed. Now, under the code, we have no requirement that a defendant, when relying on an instrument of writing as a defense, shall attach a copy to his pleading; and, even as to the plaintiff, the requirement is made only when the action is founded on such an instrument as evidence of indebtedness. I have not been able in the resources at my command to find any explanation of the reasons which produced the code provision. Viewing the code historically and as an evolution of improvement of the common law system, I have reached a theory which I think is reasonable.

The common law action of debt was so called because it was in legal consideration for the recovery of a debt eo nomine and in numero, and the test of the right to institute this action was that the demand sued for, at the time of suit brought, should be for a sum certain or capable of being reduced to a certainty. It made no difference what the form and nature of the obligation was, whether by parol, in writing or under seal, and whether conditional or unconditional, if at the time the action was brought the obligation was for a sum of money defined and certain, or that by calculation would be reduced to certainty, then debt would lie. As a consequence this action became the favored one for suing on such obligations, and as most of the commercial obligations (save bills and notes), such as charter parties, insurance policies, bonds conditional for the payment of money and the like, were executed under seal, were in fact technical deeds, profert was necessarily required of them, and of course uniformly made. In course of time the sacredness of the seal and the seal itself disappeared; but the substance of these various obligations continued, and while technical profert was not insisted upon, yet copies of these instruments were required to be furnished to the other side on demand. These later requirements were in reality a practical profert, and were, I take it, the profert referred to in the cases reported in our Tappan Reports, and is the same kind of profert referred to by Judge Gholson in Medical Co. v. Newton, 2 H., 163, as required in Swan's Statutes, page 670.

The code went a step further as to such instruments when sued on as evidences of indebtedness, and required copies to be filed with the pleading. Now, the limitation implied by the words "as evidence of indebtedness" was intended to embrace and confine the class to such instruments as might have been declared on in an action of debt at the common law, and this, we have seen, includes only such instruments, as at the time of suit brought,

evidenced a sum certain as due. From this I deduce this definition:

An instrument in writing which witnesses a promise upon the part of the maker thereof to pay a certain, fixed, liquidated sum of money, is, as to such maker, an evidence of indebtedness, to that amount, on his part; or, to be more accurate, such an instrument becomes an evidence of indebtedness on his part when his promise to pay matures according to the terms and conditions of his contract. Such an instrument is each policy of insurance herein, and, consequently, a copy of each should be annexed to its appropriate petition.

I know his view of mine is partly speculative, but the results I reach are in harmony with those of Judge Swan, and he was contemporary with the introduction of the code. See Swan's Pleading and Precedents (under the code), pages 200-202, wherein he discusses section 117 of the code, now section 5085, Revised Statutes, in connection with section 122 of the code, now section 5086, Revised Statutes, and where he lays down the rule that this section "includes every kind of written contract, conditional and unconditional, for the payment of money, or which creates or is evidence of the indebtedness upon which the pleading is founded." And he gives this illustration, that if an action is brought by a mechanic to recover the amount due him upon a written contract for the building of a house, a copy of the contract must be attached to the petition. And many such building contracts are as intricate and involved as insurance contracts. This question presented itself to me, but I was unable to solve it with satisfaction to myself: Suppose the man having the house built instituted an action against the mechanic for breach of contract, why should not a copy of the contract be attached to this petition? Of course the only answer is, the statute does not require it. But why was the distinction made?

Whether the applications are to be annexed with the policies to the petitions will depend upon the facts. When the statute says that a copy of the contract shall be attached, it means a copy of the whole contract. Now, if by the terms of the policies, the applications are made part and parcels thereof, then they must be attached with the policies, otherwise not.

2. The second claim of defendant is that the plaintiff be required to state in each petition, if such be the fact, that the applications for the policies were made parts of the contracts of insurance.

This motion must certainly be overruled. The pleader has his choice of statement; he must set out the material

parts of the contract sued on correctly; but he may do this by a recital or copy of the very words of the contract, or by a statement of its substance and legal effect. In the first manner of statement, the court judges of the meaning and effect of the instrument as pleaded; in the second manner of statement, the pleader takes the risk as to the correctness of his interpretation of the contract, and lays himself open, when he comes to his proof, to a variance between his contract as alleged and as offered in the evidence. Which ever way he pleads, the court, in the first instance, can not take judicial notice of what the contract really may be; that is an issuable fact, and is to be determined after an issue thereon has been properly made up. This matter is discussed more at length in division five hereof.

3. The third claim of defendant is that plaintiff ought to be required to state in each petition, "if condition eight on the third page of the policy forms a part of the contract of insurance, the legal effect and substance of said condition and the application therein referred to."

This part of the motion is also overruled. The remarks made in division two hereof are also applicable here. In addition it may be said that this part of the motion presumes that the court judicially knows all about the contract which is the subject of controversy between the parties. The court can not know that in the first instance. That is one of the objects of the pleadings to inform the court as to the subject of controversy. Plaintiff has the right to state his view or conception of the matter. and if the defendant does not agree with him then he interposes his defense to sustain his own view or destroy plaintiff's view. But the court can not undertake on mere motion to make the plaintiff plead a view of the contract in harmony with defendant's notions.

4. The fourth claim is that plaintiff should state when and where the application was executed and delivered to the defendant, and when and where the policy was delivered, and when and where the first premium was paid. Plaintiff is bound to state a time when the contract was made; when time is material it must be laid truly; when not material then any time antecedent to suit brought, within the statute of limitations, will suffice.

Plaintiff has stated a time for the contract as he conceives it to be; the court can not require additional dates to suit defendant's notions of the contract, although he may be right in his interpretation. This is a transitory action, and in such actions place is not generally material and need not be averred. Place may become material, but in these actions, if it does, it is a matter of defense, and defendant must plead it. As to the time and place of payment of the first premium, under the contract as pleaded, they do not appear to be material as conditions precedent to defendant's obligation, and no averment as to them is necessary. They are pleaded herein as a part of the consideration, which always must be set forth in declaring on contracts generally.

This part of the motion is denied.

5. The fifth claim is that the plaintiff be compelled to set forth in each petition all the conditions precedent to the taking effect of each policy, or to a right of action thereon, contained in either the application for said policy, or the policy itself.

The question presented here involves also the questions raised in the second, third and fourth divisions of the motion, and a somewhat fuller discussion of the principles involved will make it plainer why the claims made in those three particulars of the motion were denied. Each petition herein alleges "that the said Sidney H. Lauer (who was the assured), "and this plaintiff (who is S. H. L.'s administratrix), "each duly performed all the conditions of said policy on their part to be performed," and then goes on to allege specifically the performance of two certain acts required by the policies.

The defendant's contention is that by averring the performance of all necessary precedent conditions, the plaintiff by implication, avers the existence of such conditions, and, therefore, defendant is entitled to have them set forth specifically. At first blush this contention seems plausible, but a consideration of the principles governing pleadings on contracts shows that it is not quite sound.

In the structure of special counts in assumpsit, at common law, and also in debt and covenant, six points were principally to be attended to, viz.: The inducement, the consideration of the contract, the contract itself, by which is really meant the promise of the defendant, certain necessary averments, the breach, and the damages. An analysis of the right of action on any contract will show that it resolves itself into the foregoing six elements, and this, of course, obtains under the code as well as at common law; and a statement of a cause of action, whether it be by declaration at common law or complaint under the code, must, either expressly or impliedly, cover five of these elements, that is, all of them except the heading "necessary averments," which is a term used in the books to cover these allegations of fact which are often necessary to be made

after a statement of what the contract is, and consequently the obligation imposed thereby, and before the statement of the breach, in order to show that the obligation has arisen.

What we are most concerned in herein, however, is this topic of what are necessary averments, and, coincidentally with that, with the statement of the defendant's contract or promise. For, if we comprehend rightly what was the true relation and connection that existed between those parts of a declaration at common law which, respectively, contained the statement of the contract, and the statement of necessary facts to fix an obligation under the contract, then we will have no difficulty in understanding the code provisions as to the performance of conditions precedent and the nature and extent thereof.

In every system of pleading, I take it, it is essential that the tribunal to try the controversy be made acquainted with the subject of the controversy. At least, that was the rule of the common law, and where, as in the case at bar, the subject of controversy was a contract, or rights arising under a contract, it was necessary that a statement of what the contract is, or is claimed to be, be set forth in the delaration. That rule remains intact under the code.

Now, in the manner of statement of the contract, two general rules always governed. The first was that the contract should be stated with certainty; i. e., there should be certainty as to the parties by and between whom the contract was made, and there should be certainty as to time, and, formerly, as to place; but, latterly, in what are known as transitory actions, place has not been deemed, in general, material, and, consequently, averments as to place, are not usually in the first instance essential.

The second general rule in regard to the statement of the contract is that the plaintiff must state the contract correctly, and, as the main gravamen of the action is the defendant's promise, it follows that the nature and quality of the defendant's promise must be accurately stated.

Now, a promise may be absolute, or it may be conditional or qualified, and the conditions may be express or implied; but whatever be the form and nature of the promise, it must be accurately and correctly described in the declaration. Now, if the rule as to correctness of description be followed by the pleader, it would ensue as a necessary consequence that in declaring upon a promise conditional or qualified in its nature, whether by implication or express provision of the contract, the conditional character of defendant's promise, and the conditions themselves upon which the promise depended, must necessarily appear. Hence, before a breach can arise, these conditions must be disposed of, and that is done in that part of the declaration which sets forth the averments of the performance of the conditions to be performed precedent to the maturity of defendant's promise, or which sets forth some valid excuse for their non-performance.

Thus, says Chitty, in vol. 1 of his work on Pleading: "When the obligation of the defendant to perform his contract depended upon any event which would not otherwise appear from the declaration to have occurred, it is obvious that an averment of such an event is essential to a logical statement of the cause of action, and should precede the statement of the defendant's breach." Where the defendant's promise is absolute, the pleader proceeds at once from the statement of the contract to the breach without any intermediate averments. But when performance is to depend upon the prior performance by plaintiff of certain conditions, then at common law, the plaintiff must aver the fulfillment of such conditions, and the averment of performance must be specific as to each condition, express or implied, of the contract, and the performance must be shown to have been according to the intent of the contract, and exactly done.

These three latter requirements gave rise to much nicety and sublety of statement in pleadings at common law, to avoid which was the object of the codifiers in the enactment of section 121 of the code, now section 5091, Revised Statutes, which permits an averment, generally, of the performance of conditions precedent. Now, if we carefully consider the relation borne, in common law declarations, to the statement of the contract by that part of the declaration devoted to the averments as to the performance of conditions, we will see that the purpose and object of the latter averments, are not, in any degree, to add to or subtract from the terms and conditions of the contract and defendant's promise as they have been previously set forth and described in stating the contract; that is, they do not alter the description of the contract at all, but their office is to show that certain terms and provisions of the contract as described have been carried out, when it is necessary for such terms and conditions to be carried out before defendant's promise will ripen into an obligation.

In other words, the conditions, performance of which must be averred, are the very conditions, no more, no less, that the pleader incorporates in his statement or description of the defendant's contract or promise, and the averment of performance is made nec-

essary in order that a liability may be shown to have arisen on that very contract and promise. No uncertainty, as to the existence of conditions precedent, could arise at common law from the averments of the performance thereof, for the very reason that the performance was required to be averred specifically; that is, each condition, expressed or implied, in the contract as described or stated, had to be taken up, and a performance thereof, exact and in accordance with the intent of the contract, averred.

The statement of the defendant's promise, if correctly made, showed the conditional character of the contract, and the nature of the conditions; the subsequent averments as to performance traveled the lines of the contract as alleged, and purported to meet only such conditions as were expressly shown or necessarily inferred from the nature of the contract declared on. Now, the only rule of pleading changed by the code in regard to contracts generally, was this rule as to the pleading of performance of conditions precedent. Instead of requiring the showing of an exact, certain and specific performance the code substituted the right to plead performance generally, leaving it to the evidence to determine the sufficiency of the performance.

But the rule as to the statement of the contract, and as to the nature and quality of the defendant's promise, remains as at common law. And, so likewise, of the relation, under the code, to the statement of description of the defendant's promise borne by that part of the petition containing the averments of performance of conditions precedent; that has not been altered in any way. These general averments under the code, when necessary, follow as a sequence to the statement of the contract, and the conditions they refer to are limited to, and must be limited to the conditions which the pleader describes, or which are necessarily inferred as a part of the contract sued on. Hence, if a pleader pleads generally under the code the performance of all required conditions, we must look to the contract, as he describes it, to ascertain what the conditions, if any, are; if there are no conditions in the contract, but the promise is absolute, then the averment as to performance was useless and might be stricken out; if there are conditions described or to be implied, then the averment as to conditions is to be restricted and confined to them. In other words, the averment as to performance of conditions presupposes the previous setting forth of a contract with conditions, to which conditions alone the averment of performance is to be directed. The averment can not be used to raise a presumption that there are conditions to the contract other than those set forth in the petition, or to be necessarily implied from the nature of the contract sued on. It is true that as a matter of fact there might be conditions annexed to defendant's promise over and beyond what is set forth or necessarily implied in the petition; if such be the case, then the plaintiff has not pleaded the contract truly and correctly, but the remedy therefor is not by a motion of this kind, which is in the nature of a special demurrer, and goes only to matter of form. The defect is one of substance, and must be met by making an appropriate issue upon it.

In the cases at bar the issue would be one of fact, as it is very evident the parties differ as to what the true contract is. The plaintiff has pleaded her version of the contract, and as stated by her, she has, on the face of her petitions, good causes of action. Defendant must meet plaintiff's case by some appropriate plea.

The motion to require a setting forth of all the conditions precedent, etc., is overruled.

As a result of the foregoing consideration, defendant is entitled to take under the motion an order on plaintiff to attach to her petitions the whole contracts of insurance sued on; the rest of the motion is denied.

In reaching the conclusions arrived at in this decision, I have been governed mainly by the rules and principles of pleading as set forth in 1 Chitty on Common Law Pleading, Bliss on Code Pleading and Swan's Pleading and Precedents.

Simeon M. Johnson, for the motion.

Judge Sayler and H. P. Kaufman, contra.